02D09-2109-CT-000506
Allen Superior Court 9

Filed: 9/23/2021 2:29 PM
Clerk
Allen County, Indiana
BB

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

KAMMRIN BERNARD,         )
                         )
    Plaintiff,           )
                         )
v.                       )
                         )
SWEETWATER SOUND, INC.,  )
                         )
    Defendant.           )

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Kammrin Bernard, a resident of Monroeville, Indiana in Allen County, who filed a Charge of Discrimination against Sweetwater Sound, Inc., on or about December 23, 2020, Charge No. 470-2021-00868 with the Equal Employment Opportunity Commission ("EEOC").  (See Exhibit A).  The EEOC issued a Notice of Right to Sue on or about June 28, 2021 (Exhibit B), and this Complaint has been filed within ninety (90) days after receipt thereof.

2. The Defendant is Sweetwater Sound, Inc., a corporation authorized to do business in the state of Indiana and does so at 5501 U.S. 30, Fort Wayne, Indiana 46818. Defendant's registered agent is Bruce O. Boxberger whose mailing address is 301 W. Jefferson Boulevard, Suite 200, Fort Wayne, Indiana 46802.  Defendant is an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Discrimination Act ("Title VII").

3. Plaintiff contends that she was discriminated against on the basis of her sex

1

## EXHIBIT A

(female/pregnant) and was retaliated against after requesting accommodations because of her pregnancy status, all as set forth in her Charge of Discrimination 470-2021-00868, attached hereto and made apart hereof as Exhibit A.

4. Comparable non-pregnant employees who needed accommodations were allowed to work within their restrictions, but Plaintiff was denied accommodations and was terminated shortly after requesting accommodations, as set forth in ¶ III of her Charge of Discrimination, attached as Exhibit A.

5. As a result of Defendant's discrimination, retaliation, and termination of the Plaintiff (as set forth in her Charge of Discrimination, Exhibit A), Plaintiff lost her job and job-related benefits including income.  Plaintiff was caused financial distress, emotional distress, mental anguish, inconvenience, humiliation, embarrassment and other damages and injuries for which she seeks compensatory damages, including back pay, front pay and other pecuniary damages.

6. The actions of the Defendant were intentional and in reckless disregard of the Plaintiff's federally protected civil rights warranting an imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for back pay, front pay, other pecuniary damages, compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief available under Title VII.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS ◆ SMITH ◆ WALLACE, LLP**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:   (260) 424-0712
Email: cmyers@myers-law.com
*Attorney for Plaintiff*

```
10:37:08 a.m. 12-23-2020    5
DEC/23/2020/WED 12:16 PM
```



EXHIBIT A

02D09-2109-CT-000506
Allen Superior Court 9
No.

EEOC
Indianapolis District Office
RECEIVED 12/23/20
470-2021-00868

Filed: 9/23/2021 2:29 PM
Clerk
Allen County, Indiana
BB

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☐ EEOC | |

**Equal Employment Opportunity Commission** and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Kammrin Bernard ("Kammy") | 916-676-5128 | ■■■■ |

Street Address: 6586 E. 1000 N-1
City, State and ZIP Code: Monroeville, Indiana 46773

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JTB Music, Inc., d/b/a Sweetwater Sound | 100+ | 260-432-8176 |

Street Address: 5501 US Hwy 30 West
City, State and ZIP Code: Fort Wayne, Indiana 46818

Registered Agent: Bethany Ellingwood
Street Address: 8001 Sunny Hill Cove
City, State and ZIP Code: Fort Wayne, Indiana 46804

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX-Pregnancy  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11/20    Latest: 12/1/20
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant Kammrin Bernard began working for Respondent Sweetwater Sound in the fall of 2020 (around September/October). Complainant Kammy Bernard claims that she was discriminated against and discharged and retaliated against because of her sex (female) and because she was pregnant, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act ("Title VII"). Complainant became pregnant and restrictions of lifting 25 pounds were imposed. Complainant was reasonably accommodated, as other workers had been for non-pregnancy medical reasons, by allowing her to ask for help when lifting packages more than 25 pounds. Complainant told her manager about her pregnancy and her need for weight restrictions on November 22, 2020. He asked Complainant to get a doctor's note. Complainant received these accommodations (as others had been accommodated). Respondent asked Complainant to get a doctor's note, which she provided on or about November 26, 2020. Complainant worked all day on November 26, 2020 without complications.

II. Around November 27, 2020, Cindy Goheen (HR) called Complainant and told her Respondent wasn't sure whether they could provide accommodations any longer, because "they don't provide accommodations for people and wasn't sure what to do with you [referring to Complainant]". Complainant reminded Ms. Goheen that she had worked an entire shift the day before. Nevertheless, Ms. Goheen told Complainant not to come to work that weekend for her usual shift because of her pregnancy and denied Complainant the right to work. Later, on November 27, 2020, Cindy Goheen (HR) confirmed in an email that Complainant was not to come in until "HR could deal with" Complainant. This email also included "Kenny", a Supervisor and "Brian" which is the hiring/firing decision maker for Sweetwater.

Continued on Page 2

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

III. On November 30, 2020, Brian emailed Complainant and asked if her restrictions were going to be in place from now through the end of her pregnancy, or whether the restrictions were temporary. Complainant asked about the status of her job. On December 1, 2020, Complainant emailed Brian the following:

"Bryan,
I would like to know why I am being treated differently due to my pregnancy. I am willing and wanting to work, but I have been prevented from working since Friday the 27th. Which doesn't make sense because I told Jeff on Sunday the 22nd I am pregnant and would need weight restrictions, and I worked that day just fine. And then I handed Eric my DRs letter on Thursday morning and worked all day then too. I wasn't able to do 2 totes in total, that's it. Then suddenly on Friday I have Cindy calling me telling me "she wasn't sure what to do with me because of my pregnancy. And not to come back until HR contacts me." Why was I able to work those two days then? This is starting to clearly tell me I am being treated differently due to my pregnancy and asking for a singular accommodation. I saw Luz go thru a pregnancy and not receive the heavy totes with no difficulties, I also know Jessica Hostetler hurt her back and you accommodated her with no difficulties also. I would like to know the status of my job because I am making no money because I am being told to not to come back until HR deals with me. What does that timeline look like? I have already lost 24 hours of work that I am not being paid for. I would like an answer ASAP on my job status. Keeping me in limbo is unreasonable, especially right before Christmas."

After that email, Complainant had a telephone call with Brian of HR and pointed out that other employees had received accommodations regarding heavy lifting. Complainant asked Brian if she was without a job and he said "yes." So, Complainant claims that she was fired in retaliation for protesting against pregnancy discrimination and requesting reasonable accommodations with respect to heavy lifting during her pregnancy.

IV. Complainant alleges that she was discriminated against, discharged, and retaliated against on account of her pregnancy and on account of requesting reasonable accommodations with respect to heavy lifting during her pregnancy. Complainant lost her job and job-related benefits including income. Complainant was denied work because of her pregnancy status. Complainant was terminated just before Christmas. Complainant alleges that she experienced mental anguish, emotional distress, financial distress, humiliation, embarrassment, inconvenience damages, and other loses. The actions of the Respondent and its decision makers were intentional and in reckless disregard of Complainant's rights under Title VII and the Pregnancy Discrimination Act. Complainant requests compensatory damages and punitive damages.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12-22-20
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS
(month, day, year)
12-22-2020

BRITNEY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

02D09-2109-CT-000506

Filed: 9/23/2021 2:29 PM
Clerk
Allen County, Indiana
BB

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Kammrin (Kammy) Bernard<br>6586 E. 1000n-1<br>Monroeville, IN 46773 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2021-00868 | Marc A. Fishback,<br>Enforcement Supervisor | (463) 999-1179 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Marc Fishback**
Digitally signed by Marc Fishback
Date: 2021.06.28 17:26:06 -04'00'

Enclosures(s)

for Michelle Eisele,
District Director

(Date Issued)

cc:
Jeff Ostermann
SVP &CPO
SWEETWATER SOUND, INC.
5501 US HIGHWAY 30 W
Fort Wayne, IN 46818

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun Street
Suite 400
Fort Wayne, IN 46802

EXHIBIT B